**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEWEL BURGESS,<br><br>　　　　　*Plaintiff*,<br><br>　v.<br><br>ALAMO DRAFTHOUSE, *et al.*,<br><br>　　　　　*Defendants*. | Civil Action No. 25-02640 (AHA) |

## <u>Memorandum Opinion</u>

Jewel Burgess sues her past employer, Alamo Drafthouse, and two people she identifies as an owner and manager of the company. *See* ECF No. 10 at 2. Her amended complaint asserts claims for wrongful termination, as well as age and race discrimination. *Id.* at 3. It alleges she was fired after being "accused of making sexual explicit comment towards a guest" and requesting "a meeting with the manager about another manager," without further allegations. *Id.* at 4. The defendants move to dismiss for failure to state a claim. ECF No. 12. For the reasons below, the court grants their motion.[1]

To survive dismissal for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court "must take all the

---

[1]　As required at this stage, the court accepts the complaint's well-pled allegations as true and draws all reasonable inferences in Burgess' favor. *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

factual allegations in the complaint as true," though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In cases like this involving an unrepresented or "pro se" litigant, the court is careful to give extra leeway. The court evaluates the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Of course, an unrepresented plaintiff still "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (quotation marks omitted) (quoting *Atherton v. District of Columbia*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)). While "detailed factual allegations" are not necessary, the plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Although Burgess does not identify specific causes of action in her amended complaint, the court liberally construes her pleadings to assert age discrimination under the Age Discrimination in Employment Act ("ADEA") and race discrimination under Title VII. To state a claim under those laws, she must plausibly allege that her employer undertook (i) an adverse employment action (ii) because of her age or race. *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008).[2]

Burgess alleges no facts from which the court can conclude she was fired because of her age or race. In her amended complaint and response to the defendants' motion to dismiss, Burgess states she was fired after she was accused of making a sexually explicit comment to customers, an

---

[2]    To the extent Burgess seeks to bring a claim for wrongful termination premised on something other than age- or race-based discrimination, her amended complaint does not provide allegations from which the court can discern an applicable cause of action.

accusation which she denies, and after requesting a meeting with a manager to discuss another manager's conduct. *See* ECF No. 10 at 4; ECF No. 15. She also references discrimination because of her age and race, but she provides no explanation of how her termination was connected to her age or race and does not identify her age or race, as required to state a discrimination claim. ECF No. 10 at 3; ECF No. 15; *see, e.g.*, *Pickett v. Brennan*, No. 18-cv-1257, 2019 WL 13290799, at *2 (D.D.C. May 14, 2019) (dismissing age discrimination claim in part because plaintiff "never provides his age"); *Slate v. Pub. Def. Serv. for the Dist. of Columbia*, 31 F. Supp. 3d 277, 299 (D.D.C. 2014) (dismissing race discrimination claim in part because plaintiff "failed to allege the most basic fact necessary to plead a claim under Title VII—namely, that he is a member of a protected class"). Burgess has therefore failed to plausibly allege she was fired because of her age or race. *See Iqbal*, 556 U.S. at 678 (stating a complaint cannot merely provide "naked assertions devoid of further factual enhancement" (cleaned up)).[3]

For these reasons, the defendants' motion to dismiss is granted and this action is dismissed without prejudice. A separate order accompanies this memorandum opinion.

_____

AMIR H. ALI
United States District Judge

Date:   April 20, 2026

---

[3]   The individual defendants also move for dismissal because they cannot be sued under Title VII or the ADEA. ECF No. 12 at 4–5; *see Lang v. District of Columbia*, No. 20-cv-1199, 2023 WL 2708820, at *10 (D.D.C. Mar. 30, 2023) ("Neither Title VII nor the ADEA authorize liability against individuals in their personal capacities—only against the employers themselves." (citations omitted)). Burgess' claims against the individual defendants would therefore be subject to dismissal even if she plausibly alleged discrimination under those laws.